IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-05-CR-0051-G(04) |
| | § | NO. 3-09-CV-0363-G |
| EVERARDO PUENTE | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Everardo Puente, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice.

I.

Defendant pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. Punishment was assessed at 188 months confinement, followed by supervised release for a period of five years. On February 19, 2009, nine days after he was sentenced by the district court, defendant filed a *pro se* notice of appeal.[1] That appeal is currently pending before the Fifth Circuit. On February 25, 2009, defendant filed the instant motion under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel because his attorney failed to disclose a conflict of interest.

---

[1] Defendant's current attorney, David J. Pire, filed a separate notice of appeal on February 20, 2009.

III.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 2450 (1989), *citing Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the district court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3-07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (defendant may not seek post-conviction relief while direct appeal is pending); *Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004), *appeal dism'd*, No. 04-10533 (5th Cir. Nov. 15, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case without prejudice because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7-06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing section 2255 motion as "premature" where direct appeal was pending).

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief at this time. Accordingly, defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed without prejudice. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE